GEORGE DAVENPORT & *al. versus* AMOS DAVIS.

If the plaintiff brings his action as indorsee of a bill of exchange against the acceptor, and sets forth, in his declaration, an indorsement to certain copartners, by the name of their firm, and an indorsement by them, also in their partnership name, to himself; and on the trial, he produces the bill, and proves this indorsement to have been made by one of the partners by the name of the firm ; this is *prima facie* evidence of that indorsement, and of the title of the plaintiff through them to the bill.

EXCEPTIONS from the Eastern District Court, CHANDLER J. presiding.

This was an action of assumpsit on a bill of exchange, drawn by Samuel L. Valentine, as agent of the Penobscot

Mill Dam Company, on Amos Davis, by him accepted, made payable to the order of said Valentine, and by him indorsed, and also indorsed by "Miller & Co." all which indorsements were set forth in the plaintiffs' declaration. The defendant denied the indorsement of "Miller & Co." and the existence of any such firm. The plaintiffs thereupon introduced a witness, who testified that the indorsement of "Miller & Co." was in the handwriting of Adams Daniels, who was one of the persons composing that firm, which consisted of J. R. Miller, I. K. Gilmore and Adams Daniels. The defendants then offered to introduce testimony to show, that the only connexion which ever existed between the persons said to compose said firm of Miller & Co., arose from a special contract made for the purpose of procuring certain lumber in which each of the parties thereto agreed to furnish certain labor and materials; that by said contract neither of the parties thereto had a right to bind the other by any contract, or to use the names of the others as members of a firm; that the said parties to said contract never acted as ·partners or held themselves out to the world as such; and that before the date of this bill that contract was fulfilled, and all connexion thereby existing between the parties thereto was at an end. All which testimony so offered the Judge ruled to be inadmissible.

The defendants also offered to go into evidence of a failure of the consideration of said bill. This evidence the Judge ruled to be inadmissible. The plaintiffs called on the defendant to prove that notice had ever been given that the co-partnership of Miller, Daniels & Gilmore, was in any way limited or that the same co-partnership had ever been dissolved.

The jury returned a verdict for the plaintiffs; and the defendant filed exceptions.

*T. McGaw*, for the defendant, contended that as the plaintiff had set out all the indorsements, he must prove them. The plaintiffs gave but *prima facie* evidence of the indorsement, if any, and we offered evidence to rebut it. This was improperly excluded. Stark. on Ev. part 4, p. 247. This

shut us out of our defence. We could have proved want of consideration.

*J. Godfrey*, for the plaintiffs, said that the other members of the firm made no objection to the indorsement, and that the defendant could not do it. 7 East, 210; 15 Mass. R. 339; 17 Maine R. 180; 16 Maine R. 155; Gow on Part. 54; 2 Shepl. 271; 1 Taunt. 224.

The opinion of the Court was by

WHITMAN C. J. — The declaration is on a bill of exchange, and against the defendant as acceptor. The defence set up, and principally relied upon, is, that the plaintiffs have not made sufficient proof of their being the lawful owners of the bill.

To make out their title, the plaintiffs claim through Messrs. Miller & Co.; to prove whose indorsement a witness was produced, who testified that the indorsement of Miller & Co. was in the handwriting of one Adams Daniels, who belonged to that firm, the other members of which, as he stated, were J. R. Miller and I. K. Gilmore. This was *prima facie* proof of the indorsement, and of the title of the plaintiffs to the bill. And so long as the other members of the firm made no question of the efficacy of the transfer, it would scarcely seem to be competent for the acceptor to question it. The only ground upon which the acceptor could lawfully refuse to pay the amount due on the bill to the plaintiffs, for want of title in them, is, that he might be liable to be called upon by the alleged indorsees to pay the same to them. Whenever the plaintiffs could show enough to obviate any such ground of apprehension, it would seem to be no longer reasonable that the acceptor should refuse payment. In this case the plaintiffs, being the holders of the bill, is some evidence of their ownership; insomuch that, if the defendant had paid them the amount of it, he would have been discharged from the payment of it to any one else. But, in an action upon the bill, the law has made it requisite, that the holders should prove the indorsement of it to them. The plaintiffs having so done in

this case, to a common intent, it would seem to shift the burthen of proof upon the defendant, to show that, notwithstanding the plaintiffs are the apparent holders of the bill, and for aught that appears innocently, and notwithstanding that proof has been made, that the bill has been indorsed to them by one of the former owners of it, in the name of the firm, which he must be considered as claiming to have a right to use; yet, that his right so to do, is contested by the other individuals, who were jointly intrusted with him, so that the defendant, if he should pay the amount due on the bill to the plaintiffs, would still be liable to pay it again to the members of that firm.

The evidence offered by him, and rejected by the Court, was not to that effect. It no where appears, in his proposition, that any proof could be made, tending to show, that he was in danger of being called upon for payment by any one, other than the plaintiffs. This ground of defence therefore must fail him.

The next exception, taken to the ruling of the Court, is to the rejection of testimony, tending to prove a failure of consideration, a fact of which it was not pretended that the plaintiffs were conusant, when they purchased the bill; nor was there any offer to show that, when the bill came into their hands, it was overdue, or in any manner discredited.

The ruling of the Judge, therefore, in rejecting the testimony to this point, was unexceptionable.

<div align="right">

*Exceptions overruled*
*and judgment on the verdict.*